lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANGELO I. HUFFMAN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 04-4105-JAR |
| ) | |
| ) | |
| TOPEKA POLICE DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM ORDER AND OPINION DISMISSING CASE
## WITHOUT PREJUDICE

Plaintiff filed his complaint in this case on August 19, 2004. On January 27, 2005, an order was entered extending the deadline for plaintiff to obtain service upon defendants to April 30, 2005 (Doc. 6). On May 18, 2005, Magistrate Judge O'Hara ordered plaintiff to show good cause why service of the summons and complaint was not made upon defendants within 120 days from the filing of the complaint (Doc. 7). Plaintiff responded to the show cause order, asserting that he did not know it was his responsibility to obtain service on defendants.

In *Espinoza v. United States*,[1] the Tenth Circuit set out the inquiry a district court should make before dismissing a claim pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve process:

> The preliminary inquiry under Rule 4(m) is whether the plaintiff has
> shown good cause for the failure to timely effect service. In this regard,

---

[1] 52 F.3d 838 (10th Cir. 1995).

>district courts should continue to follow the cases in this circuit that have guided that inquiry. If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.[2]

Thus, the Court must first inquire whether plaintiff is entitled to a mandatory extension of time. Rule 4(m) does not define good cause. The Tenth Circuit has interpreted the phrase narrowly, rejecting inadvertence, neglect, mistake of counsel or ignorance of the rules as good cause for untimely service.[3] The Court concludes that plaintiff has failed to show good cause. Plaintiff's explanation, that he was unaware that he was responsible for service, is insufficient to establish excusable neglect under the circumstances of this case. In the order extending time to obtain service, which was entered *sua sponte*, Magistrate Judge O'Hara enclosed a Pro Se Packet to assist plaintiff with any questions he may have regarding service of process, specifically encouraging plaintiff to review the information (Doc. 6). The Court therefore determines that plaintiff is not entitled to a mandatory extension of time.

Pursuant to *Espinoza*, the Court next considers whether a permissive extension of time is warranted. The Court finds that an extension of time in which to serve defendants is not appropriate. Plaintiff has already been granted one extension, and provided information from the Court explaining how to obtain service. Plaintiff failed to act on that extension, and the Court therefore declines to grant another.

**IT IS THEREFORE ORDERED** that plaintiff's complaint is DISMISSED without

---

[2] *Id.* at 841.

[3] *In re Kirkland*, 86 F.3d 172, 174-76 (10th Cir. 1996).

prejudice.

    IT IS SO ORDERED.

    Dated this  4th  day of August 2005.

                                                                            S/ Julie A. Robinson
                                                                           Julie A. Robinson
                                                                           United States District Judge